State ex rel. Milwaukee Gas Light Company, Appellant, vs. Arnold, Tax Commissioner, and others, Respondents.

*May 15—June 21, 1926.*

*Taxation: Of gas and electric companies: Appliances held for sale: Taxation by local assessor: Personal property omitted from tax roll: Assessment in following year.*

1. Appliances such as stoves and heaters, kept for sale by a gas company to customers, are not part of the property used in "generating and furnishing gas" which sec. 76.47, Stats., declares shall be personal property for the purposes of taxation and shall be assessed together as a single item, and are therefore assessable separately, though "furnishing" includes the means by which the gas is supplied to customers. p. 604.

2. Appliances which are assessable separately from property used in "generating and furnishing gas" and are entirely within one assessment district are assessable by the assessor thereof

State ·ex rel. Milwaukee G. L. Co. v. Arnold, 190 Wis. 602.

and not by the tax commission, sec. 76.48, Stats., providing for assessment by the tax commission when the property extends into two assessment districts, being inapplicable. p. 605.

3. Such appliances, if omitted from the tax roll by the assessor, may be assessed in the following year without regard to the reasons for the omission, under the express terms of sub. (3), sec. 76.47, and sec. 70.74, Stats.  p. 605.

APPEAL from a judgment of the circuit court for Milwaukee county: OTTO H. BREIDENBACH, Circuit Judge. *Affirmed.*

*Certiorari* to review assessments of relator's property made by the city of Milwaukee.

The property of the *Milwaukee Gas Light Company* was assessed as a unit as a public utility by the state tax commission.  The assessor of the city of Milwaukee also assessed for taxation in the city of Milwaukee the entire stock of appliances, such as gas stoves and gas heaters, which the company kept for sale to the public.  The assessments here in question are for 1925 and 1924, for which latter year the city had made no assessment of these appliances.

For the appellant there was a brief by *Miller, Mack & Fairchild,* and oral argument by *J. G. Hardgrove,* all of Milwaukee.

For the respondents there was a brief by *John M. Niven,* city attorney of the city of Milwaukee, *Charles W. Babcock,* assistant city attorney, the *Attorney General,* and *Franklin E. Bump,* assistant attorney general; and the cause was argued orally by *Mr. Babcock* and *Mr. Bump.*

A brief for the State was also filed by the *Attorney General* and *Franklin E. Bump,* assistant attorney general.

STEVENS, J.  The right of the city of Milwaukee to assess these appliances kept for sale by the gas company turns upon the question whether such appliances are a part of the

property used for "generating and furnishing gas for lighting or fuel or both," which sec. 76.47 of the Statutes declares "shall be deemed personal property for the purposes of taxation and shall be valued and assessed together as a single item."

If these appliances are property used for generating and furnishing gas they are part of the property of the public utility which has been assessed by the tax commission and the city has no right to assess this property a second time.

It is clear that appliances kept for sale to customers are not a part of the property of the gas company used in generating gas. The question then arises whether such appliances are used in "furnishing gas for lighting or fuel or both." By the use of the word "furnishing" the legislature intended to include the means by which the gas is supplied to the customer for use. Without such appliances gas could not be used by customers.

But it cannot be said that such appliances, which are merely kept for sale to customers and which are not used in furnishing gas to customers until after they have been sold and have become the property of the consumer, are property of the gas company used in furnishing gas to the consumer. If the gas company had installed these appliances and kept the title to them, they would then be property of the gas company used in furnishing gas. But these appliances are in fact never used in furnishing gas until they cease to be the property of the gas company. It must therefore be held that these appliances at the time they were assessed for taxation were not property of the gas company used for either generating or furnishing gas and that they were therefore subject to taxation by the city of Milwaukee.

The gas company contends that if these appliances were properly assessable separate from the property of the company which is used in generating and furnishing gas that the assessment must be made by the tax commission and

State ex rel. Milwaukee G. L. Co. v. Arnold, 190 Wis. 602.

not by the assessor of Milwaukee. This claim is made under sec. 76.48 of the Statutes. This section does not apply because of the fact that the property here in question is situate entirely within the city of Milwaukee. Sec. 76.48 applies only when the property to be assessed extends into two or more assessment districts. In such case the tax commission makes the valuation and certifies to each assessment district the proportion of the assessed value properly belonging to such district. Here the business of selling these appliances is confined entirely to the city of Milwaukee. There is therefore no need to apportion the assessment between different assessment districts and no reason to call upon the tax commission to make the assessment.

The gas company also contends that the statutes give no power to reassess the property for the year 1924 because of the fact that the assessor had considered the matter when making the assessment for 1924 and determined that these appliances were not taxable in the city of Milwaukee. The statute giving the right to assess omitted property contains no limitation. If property has been omitted which should contribute its share to the cost of maintaining government, it may be assessed in subsequent years without regard to the reasons that led the assessor to omit the property from the tax roll. By the express provision of sub. (3) of sec. 76.47 of the Statutes, this property of the gas company is made subject to reassessment in the manner provided in sec. 70.74.

*By the Court.*—Judgment affirmed.